[No. 1708½.]

# T. BERRY, T. J. CARNEY, A. FAVA, J. HAMILTON, AND JONATHAN LEES, RESPONDENTS, *v.* THE EQUITABLE GOLD MINING COMPANY, A CORPORATION, APPELLANT.

1. APPEAL—RECORD—FILING—ORIGINAL—COPY. Two duplicate volumes entitled "Statement on Appeal" in the handwriting of the clerk of the district court were filed September 8, 1906. They were identical, except that one of them was endorsed "copy," and this, instead of the original, was the one that was settled by the district judge. *Held*, that the certification and settlement of the copy, instead of the original was not a fatal defect, but that the copy could be considered as an original.

2. SAME—MOTION TO DISMISS—TIME. A second motion to dismiss an appeal on grounds not previously urged, not made before the day of the hearing, nor until after respondent had filed his brief, was too late.

3. JUDGMENT—ORDER FOR JUDGMENT—EXCEPTION—TIME OF TAKING. Where no order was made directing the entry of judgment at the time a verdict was rendered, but defendant's counsel took an exception as soon as a *nunc pro tunc* order was made and he became aware of the direction that judgment be entered, the exception was in time.

4. APPEAL—JUDGMENT ROLL—CONTENTS—SUMMONS. The summons is not an essential requisite of a judgment roll to sustain an appeal, where the judgment was rendered after trial at which defendant appeared.

5. JUDGMENT—ENTRY BY CLERK—AUTHORITY. A decree for a perpetual injunction entered by the clerk was void on its face, where it was unsupported either by the verdict rendered or by an order of the judge directing its entry.

6. TRIAL—GENERAL AND SPECIAL VERDICT. Where there is a general and a special verdict, if either has force, the latter controls.

7. WATERS AND WATER COURSES—APPROPRIATION OF WATER—BENEFICIAL USE. Where plaintiffs claim that S. had appropriated the water of a spring and had deeded same to them and sought an injunction perpetually enjoining defendant from interfering therewith, plaintiffs' right to the water was limited to the water and amount thereof beneficially appropriated, so that the jury having found that S. appropriated twenty gallons a day, plaintiffs were only entitled to that amount and could not restrain defendant's use of the excess.

8. DECREE ON SPECIAL VERDICT. In an equity case in which the clerk has entered a decree for a perpetual injunction which is void because it was not authorized by any order of the court, the special findings of the jury, at least with the consent of the parties, may be considered a correct determination of the facts and as warranting the entry of a proper decree upon them by the district court, even if the judge who tried the case has been superseded in office.

APPEAL from the District Court of the First Judicial Dis-

trict of the State of Nevada, Storey County; *M. A. Murphy*, Judge.

Action by T. Berry, *et al.*, against The Equitable Gold Mining Company. From a judgment in favor of plaintiffs, and from an order overruling defendant's motion to set it aside, defendant appeals. Motion .to dismiss appeal. **Denied.** Judgment set aside. **Case remanded.**

The facts sufficiently appear in the opinion.

*F. M. Huffaker* and *F. P. Langan*, for Respondents, on motion to dismiss appeal:

I. We believe the direct questions: Whether, under our practice act, a plaintiff can in his complaint join with a legal an equitable demand, and, if so, how should such a case be tried? have not heretofore been adjudicated in this state. But as the provision in our constitution is similar to that in the constitution of the State of New York, and that our practice act was modeled after the New York code, the provisions of the two as to the questions herein involved being substantially the same, and the New York courts having adjudicated directly thereon, we refer to such adjudications as authoritative. The first case referred to is where the plaintiff filed a complaint against two persons, claiming to recover against one for rent due upon a lease, and against the other upon equitable grounds. The trial court dismissed the complaint, from which an appeal was prosecuted, of all of which the New York Court of Appeals says: "This action was brought by the plaintiff as receiver to recover rent due upon a lease of 212 Broadway in the City of New York given by the plaintiff's predecessor, as receiver to Hudson, one of the defendants. The plaintiff claimed to recover against the defendant Mords upon equitable grounds, and thereafter brought the case to trial at a special term, when the defendant insisted that the case should be tried by jury; this was denied by the court and the case tried without a jury. The defendant's counsel now claims that this was a waiver by plaintiff of any right of recovery upon strictly legal grounds, and that, unless it appears upon the trial that plaintiff

was entitled to recover in equity, the judgment dismissing the complaint should be affirmed, although it appears the plaintiff was entitled to recover at law. This position cannot be maintained. The code (sec. 69) abolished the distinction between actions at law and suits in equity, and provides that thereafter there shall be but one form of action for the enforcement or protection of private rights, etc. Section 142 provides that the complaint shall contain a plain and concise statement of the facts constituting the cause of action." Under the code it is clear that the facts entitling the party to both kinds of relief may be included in the same complaint, and both attained in the same action, when arising out of the same transaction.

II. We most respectfully submit that the question whether the case at bar is in equity or at law was not before the court in the proceedings for *mandamus* herein, for the application for the writ did not show that at the time Judge Murphy set the case for trial by jury it objected to such order, was overruled, and excepted. Nor at the impaneling of the jury to try the whole case did it object on the ground that the case was in equity, and in such case a jury could only be impaneled and sworn to find special facts, or for any other reason, so as to reserve the question, in the absence of which such question cannot, for the first time, be raised in this court on *mandamus*, or otherwise. Appellant, having failed to object to the order of the trial court for a trial by jury, and to the impaneling of the jury for such trial, cannot, after a trial by jury, raise the question in the trial court, for the law presumes it acquiesced in such trial, which, under our practice act, it could do even in a purely equitable case. So, on *mandamus* it was wholly immaterial whether the case was in equity or at law, and on this appeal, the question not being properly presented to this court by the record, it is not for review. (*Van Fleet* v. *Olin*, 4 Nev. 98.)

*Mack & Shoup*, for Appellants:

I. The question as to whether this case is an action at common law or a case in equity was presented to this court in the case of *Lake* v. *Tolles*, 8 Nev. 285, on a complaint and

answer identical with the complaint and answer in this case, and in that case this court held it to be a case in equity. Counsel for respondents in his oral argument and in his brief admits that the complaint set forth an action in equity, and yet finds fault with the supreme court for finding that this case is an action in equity. Counsel for respondents is in error as to the position of appellant. The complaint setting forth an action to quiet title and asking for an injunction and nothing else, appellant contends that this action is an action in equity pure and simple, and further contends that the lower court on August 27, 1906, was right in adopting the findings and verdict of the jury and should have compelled the clerk to enter a decree in accordance with the findings and verdict of the jury as adopted by the court.

II. A judgment entered by the clerk without authority is void. (*Lacoste* v. *Eastland*, 117 Cal. 680; *Stearns* v. *Aguirre*, 7 Cal. 443; *Kelley* v. *Van Austin*, 17 Cal. 564; *Junkans* v. *Bergin*, 64 Cal. 202.) In this case the clerk entering a judgment instead of a decree in equity without any order renders this paper void.

III. It is well settled that the omission from the judgment roll of a part thereof that is not shown to be material or important is not ground for dismissal of appeal. (*Paige* v. *Roeding*, 89 Cal. 69; *Tompkins* v. *Montgomery*, 118 Cal. 120.)

IV. In a case of this character the court should have filed its findings within ten days after the trial, either adopting or rejecting the findings of the jury, and having failed to do so, the judgment entered by the clerk was without authority and should be set aside or modified to conform to the verdict and findings of the jury. (*Duffy* v. *Moran*, 12 Nev. 94.)

By the Court, TALBOT, C. J.:

The plaintiffs brought this action by a complaint alleging that the water of a spring had been appropriated by Jack Shepard and by him deeded to them, and demanded an injunction perpetually enjoining the defendant from interfering therewith. The case was tried by a jury, which brought in a verdict "in favor of the plaintiffs," and found special

issues, and among these that Shepard had appropriated
twenty gallons per day of the water.   At the time of return-
ing the general verdict the jury had omitted to find upon the
special issues which had been submitted to them, and the
court had them retire and find upon these special issues.
The next day the clerk entered a judgment, reciting and
premised upon the general verdict in favor of the plaintiffs
for the water, and directing that the defendant be perpetually
enjoined from interfering with it.   In reference to this entry
it is stated in the record that "the county clerk of his own
motion, without any order from the court, without any find-
ings from the court, without any order of the court adopting
said findings of the jury, entered judgment."   Many months
later the defendant moved to set aside this judgment.   The
court denied the motion, and directed the entry *nunc pro tunc*
of an order for judgment in accordance with the verdict.   The
facts are more particularly stated in the decision on the pro-
ceedings in *mandamus* to require the settlement of the state-
ment on appeal.   (*State* v. *Murphy*, 29 Nev. 247.)

The notice and undertaking on appeal state that this appeal
is from the judgment and from the order of the district court
overruling defendant's motion to set it aside.   Respondents
moved to dismiss the appeal upon the ground that no state-
ment had been settled.   There are two volumes, duplicates,
entitled "Statement on Appeal," both indorsed as filed Sep-
tember 8, 1906, by, and shown to be in the handwriting of,
the clerk of the district court.   These appear to be identically
the same excepting that one is indorsed "copy," and the
motion to dismiss is upon the ground that this, instead of
the original, is the one that has been settled by the district
judge.   On the hearing in this court we directed that the
latter might be filed, or that the other copy could be indorsed
by the district judge and filed.   The volumes being the same,
and both equally showing the proceedings in the trial court,
the fact that the certification of settlement was attached to
the one marked "copy" after this court had directed that the
statement be settled we think is immaterial and should not
deprive the appellants of the right of appeal or of presenting
their case.   As the one marked "copy" bears the filing and

signature of the clerk and the certificate and signature of the judge, it may be considered as the original and the indorsement of the word "copy" as a misnomer.

Respondents made a second motion to dismiss the appeal upon other grounds, part of which had been determined in the *mandamus* proceedings, but this motion, under the court rule, comes too late, and the right to make the same is waived because it was not made before the day of the hearing nor until after respondents had filed their brief.

It is said that no question regarding the sufficiency of the order of the district judge directing that judgment be entered in accordance with the verdict can be considered, because no exception was taken to the order at the time it was made upon the rendition of the verdict. It is true that no exception was so taken, because the order was not then heard by counsel or the clerk; but, when the *nunc pro tunc* order was made, and as soon as counsel was aware of the direction that judgment be entered, exception was taken, and due specification of error and the proceedings of the court are contained in the record.

It is also claimed that any defect in the judgment cannot be considered for the reason that by omission of the summons there is no judgment roll before this court. Although the statute directs the clerk to include the summons as part of the judgment roll, it is not necessary that there should be one in all cases. The object and purpose of the summons is to bring defendants into court, and the practice act provides that they may appear without summons, and if they so appear no reason exists why they may not have their cases reviewed on appeal in the same manner as others where there may be a summons in the case. In fact, the summons is imperative only in default cases in which no appeal lies. Here we have before us all the papers directed to be placed in the judgment roll excepting the summons, which is not essential, as the defendant was in court and the judgment itself is sufficient without reference to any other paper to indicate its invalidity. It shows that it was entered by the clerk upon the verdict, and that it attempted to grant relief by perpetual injunction, which under the

statute he was not authorized to give. It is not signed by the judge, and contains no reference to any order of the court. If the order entered *nunc pro tunc* be considered, it directs the entry of the judgment in accordance with the verdict, without specifying the general or special verdict.

For respondents it is argued that they had a constitutional right to a jury, and were entitled to the result of the verdict and to have a judgment entered upon it by the clerk. If this were true, and the case were not one in equity (*Duffy* v. *Moran*, 12 Nev. 97), still neither the verdict nor the order of the judge directs the entry of the decree for perpetual injunction which was made by the clerk. Consequently, and too clearly for argument, this judgment shows upon its face that it is void and cannot be sustained upon any legal principle, because it was entered by the clerk, a ministerial officer who could not act judicially in this regard and who was not directed to enter such decree by any order of the court, and was not, and could not have been, authorized to enter it by the verdict of the jury. On a motion for that purpose the court could have set aside this decree as having been inadvertently entered by the clerk and unauthorized, and the appeal is properly from his order in that regard and from the judgment as presented with the papers essential to be brought here in the judgment roll.

As the plaintiffs base their claim upon an appropriation alleged to have been made by Shepard, they are limited to the amount which was beneficially used by him. The jury found that this was ten gallons for mining and ten gallons for domestic purposes each day. Where there is a general and a special verdict, if either has any force, the latter controls. If the jury desired to give the plaintiffs all the water flowing from the spring or more than twenty gallons per day because they found that their grantor Shepard had used that quantity, nevertheless the law would limit the right to the amount beneficially appropriated. By directing judgment in accordance with the verdict, it may be assumed that the district court approved of the finding of the jury and found in favor of an appropriation by Shepard to the extent of at least twenty gallons per day. The defendant complains because

the decree was not modified so as to allow the plaintiffs this quantity. The judgment being void because its nature was such that its entry was unauthorized by the clerk, the condition of the case is not so materially different than it would be if no decree had been entered. At least, with the consent of the parties, the findings may be considered a correct determination of the facts and as warranting the entry of a proper decree upon them by the district court, even if the judge who tried the case has been succeeded in office. (*Jerrett* v. *Mahan*, 20 Nev. 90, 17 Pac. 12.)

Respondents' motions to dismiss the appeal are denied, the judgment is set aside, and, if within twenty days after filing of the remittitur the plaintiffs file their written consent that judgment be entered in favor of them for the use of twenty gallons per day of the water of the spring in controversy and for costs of suit and for a perpetual injunction restraining defendant and its agents and employees from interfering with the free use by the plaintiffs of that quantity of the water per day, a decree will be so entered by the district court, but otherwise a new trial will be had.