THOMAS L. MORAN, PETITIONER, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE GORDON W. RICE, JUDGE THEREOF, AND HARRY K. BROWN, CLERK THEREOF, RESPONDENTS.

No. 3948

May 22, 1956.                                   297 P. 2d 261.

Rehearing denied June 20, 1956.

*Vargas, Dillon & Bartlett*, of Reno, for Petitioner.

*Summerfield & Heward,* of Reno, for Respondents.

## OPINION

*Per Curiam:*

This is an application for writ of prohibition to restrain respondent court and judge from proceeding further with a case now pending before it, in which case petitioner is named as defendant. The sole question raised is whether under N.R.C.P. the petitioner has effectively been served with process in the case below. In that case petitioner appeared specially to move to quash service of process. The motion was denied and this proceeding was then brought, petitioner contending that service had not been made and that respondent court is without jurisdiction to proceed with the case.

The suit below was brought against petitioner by his wife. She seeks separate maintenance and custody of

the minor children of the parties. Petitioner is a resident of Texas. Under court order for publication of summons or personal service outside of the state, service was made upon petitioner by delivering the process at his home in Texas to his housekeeper, he being absent from his home at the time.

Respondents support this service as effective under the provisions of Rule 4(d) (6) N.R.C.P. The preceding subparagraphs of Rule 4(d) provide for service of process within the state upon corporations, incompetents and political subdivisions. Subparagraph (6) reads, "In all other cases to the defendant personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process."

Petitioner contends that this subparagraph cannot be construed to apply to service outside of the state. Rule 4(e) deals with other methods of making service. Subparagraph (1) of that rule provides for service by publication and reads in part, [4(e) (1) (iii)], "When publication is ordered, personal service of a copy of the summons and complaint, out of the state, shall be equivalent to completed service by publication and deposit in the post office, * * *."

Subparagraph 4(e) (2) provides for the making of personal service outside of the state. In part it reads, "Such service shall be made by delivering a copy of the process together with a copy of the complaint in person to the person served."

Read in context with the preceding subparagraphs, Rule 4(d) (6) might reasonably be construed to apply only to service within the state. That this is the proper construction is made abundantly clear by the fact that the subject of personal service outside the state has expressly been dealt with in Rule 4(e) (2). The rules

thus provide that where service is made within the state it may be by personal or substituted service as specified. When made outside the state, in lieu of publication, it must be by personal service. Substituted service at the defendant's residence is not sufficient since it is not provided for. Where such separate provisions exist relating to service within and without the state, substituted service outside of the state is ineffective. Thomas v. Thomas, 96 Me. 223, 52 Atl. 642, 90 Am.St.Rep. 342.

In the case below, then, service was not had upon the petitioner, and the trial court is without jurisdiction to proceed.

IT IS ORDERED that a peremptory writ of prohibition issue as prayed. No costs are allowed.