ROGER VORIS KELLEY, JR., APPELLANT, *v.* BILLIE RALPHENE KELLEY, RESPONDENT.

No. 5707

May 7, 1969                    454 P.2d 85

[Rehearing denied June 17, 1969]

*George E. Marshall,* of Las Vegas, for Appellant.

*Dwight B. Claar, Jr.,* of Las Vegas, for Respondent.

**OPINION**

By the Court, ZENOFF, J.:

This is an appeal from the denial of a motion to set aside a default judgment in a divorce case. Billie Kelley, wife of Roger,

instituted divorce proceedings in Nevada on April 3rd. Pursuant to NRCP 4(e)(2)[1] an order for personal service outside the state was granted by the trial court and subsequently an affidavit by a deputy sheriff attested that personal service was made on Roger on April 8th in Bloomington, Indiana. Default judgment was entered April 30th and a divorce decree granted.

Shortly thereafter Roger moved to set aside the decree as a void judgment on the ground that he had never been personally served. NRCP 60(b)(3).[2] The motion was denied.

The husband's motion to set aside the judgment as void was supported by three affidavits from (1) the deputy sheriff who swore that he had mistakenly left the papers with Roger's mother, not Roger; (2) Roger's mother who said she gave the papers to Roger's Indiana attorney, not Roger; and (3) Roger who said he was never served at all.

Billie, the wife, offered neither testimony nor any affidavits or evidence controverting her husband's affidavits.

NRCP 4(e) requires that service outside of Nevada must be personal. Moran v. Second Judicial District Court, 72 Nev. 142, 297 P.2d 261 (1956); cf. Zeig v. Zeig, 65 Nev. 464, 198 P.2d 724 (1948). When jurisdiction is challenged the party moved against must controvert the challenge. Failure to do so is fatal to the position of the party moved against. La Potin v.

[1] NRCP 4(e)(2). "Personal Service Outside the State. Personal service outside the state upon a natural person over the age of 18 years may be made (i) in any action where the person served is a resident of this state, and (ii) in any action affecting specific property or status, or in any other proceeding in rem without regard to the residence of the person served. When such facts shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the person in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by personal service outside the state. Such service shall be made by delivering a copy of the process together with a copy of the complaint in person to the person served. The methods of service are cumulative, and may be utilized with, after, or independently of, other methods of service."

[2] NRCP 60(b)(3). "Mistakes; Inadvertence; Excusable Neglect; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: . . . (3) the judgment is void. . . ."

La Potin, 75 Nev. 264, 339 P.2d 123 (1959). The affidavits stand uncontradicted and unimpeached.

The default judgment of divorce is set aside.

Reversed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.