DANNY FOSTER, Petitioner, v. EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, DEPARTMENT IX, and THE HONORABLE KEITH C. HAYES, Judge, Respondents.

No. 12299

January 3, 1980                                                                 604 P.2d 359

*Skupa and Mainor,* Las Vegas, for Petitioner.

*Robert J. Miller,* District Attorney, Clark County, for Respondents.

## OPINION

*Per Curiam:*

Danny Foster has filed an original petition for a writ of prohibition contending that the respondent district court is exceeding its jurisdiction in setting a trial date for him on a charge of illegally discharging a firearm because the crime with which he

is charged in the information is a misdemeanor[1], and only the justice's court has jurisdiction over misdemeanors.[2]

Pursuant to NRAP 21(b), this court ordered respondent district court to file an answer against issuance of the writ on or before December 19, 1979. The order was served on the chief judge of the Eighth Judicial District Court and the Clark County District Attorney on December 11, 1979. However, no answer has yet been filed. We therefore elect to treat respondents' failure to file the answer as a confession of error. *See* Summa Corp. v. Brooks Rent-A-Car, 95 Nev. 779, 602 P.2d 192 (1979); State ex rel. Isbell v. Kelso, 442 S.W.2d 163 (Mo.App. 1969).

Accordingly, a writ of prohibition shall issue requiring respondents to dismiss all charges pending against Foster in the district court in case No. C46635.

---

[1]NRS 202.290 provides:

"Every person who shall aim any gun, pistol, revolver or other firearm, whether loaded or not, at or toward any human being, or who shall willfully discharge any firearm, air gun or other weapon, or throw any deadly missile in a public place, or in any place where any person might be endangered thereby, although no injury result, shall be guilty of a misdemeanor."

[2]NRS 4.370 provides in part:

"3. Justices' courts shall have jurisdiction of the following public offenses, committed within the respective counties in which courts are established:

. . . .

(c) . . . [A]ll misdemeanors punishable by fine not exceeding $500, or imprisonment not exceeding 6 months, or by both such fine and imprisonment."