WILLIAM C. WYLIE, PETITIONER, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, DEPARTMENT 5 THEREOF, AND THE HONORABLE WILLIAM N. FORMAN, DISTRICT JUDGE, RESPONDENTS.

No. 12686

July 29, 1980                                         614 P.2d 12

*Goedert & Van Walraven,* Reno, for Petitioner.

## OPINION

*Per Curiam:*

We previously issued an unpublished order denying this petition for a writ of prohibition. Since an opinion in this matter has been requested, we are hereby publishing our holding for the benefit of bench and bar.

Luann and William Wylie were married in 1974 in Stockton, California. They subsequently moved to Reno, Nevada, where they purchased a house. Luann filed a complaint for divorce in Washoe County, her county of residence, in November 1979. William, who resided in Fresno, California, at that time, was personally served in California with the complaint and summons. He moved the district court to quash the service because it was not carried out in compliance with NRCP 4(e)(2)[1] which requires the order of a district judge before a non-resident of Nevada may be personally served outside Nevada. After the district court denied his motion, William petitioned this court to issue a writ of prohibition to prevent the district court from proceeding in the divorce action.

NRS 14.065(2)(e)[2] provides that a person who has submitted

---

[1]NRCP 4(e)(2) provides:

"Personal service outside the state upon a natural person over the age of 18 years may be made (i) in any action where the person served is a resident of this state, and (ii) in any action affecting specific property or status, or in any other proceeding in rem without regard to the residence of the person served. When such facts shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the person in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by personal service outside the state. Such service shall be made by delivering a copy of the process together with a copy of the complaint in person to the person served. The methods of service are cumulative, and may be utilized with, after, or independently of, other methods of service."

[2]NRS 14.065 provides in relevant part:

"1. Personal service of summons upon a party outside this state is sufficient to confer upon a court of this state jurisdiction of the person of the party so served if:

"(a) Such service is made by delivering a copy of the summons, together with a copy of the complaint, to the party served in the manner provided by

himself to the jurisdiction of Nevada by living in the marital relationship within Nevada, may be personally served outside Nevada as long as his spouse continues to reside in Nevada. It carries no requirement of a court order and takes precedence over NRCP 4(e)(2) in this situation. NRCP 4(e)(3);[3] NRCP 81(a).[4] Since the service of process in this case appears to have been carried out in compliance with NRS 14.065(2)(e), a writ of prohibition will not issue and the petition is denied.

statute or rule of court for service upon a person of like kind within this state; and

"(b) Such party has submitted himself to the jurisdiction of the courts of this state in a manner provided by this section.

"2. Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if an individual, his personal representative to the jurisdiction of the courts of this state as to any cause of action which arises from the doing of such acts:

". . . .

"(e) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for alimony, child support or property settlement, if the other party to the marital relationship continues to reside in this state."

[3]NRCP 4(e)(3) provides:

"Whenever a statute provides for service, service may be made under the circumstances and in the manner prescribed by the statute."

[4]NRCP 81(a) provides in relevant part:

"These rules do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute."