BRENT ROBERT ORME, PETITIONER, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK AND THE HONORABLE JAMES BRENNAN, DISTRICT JUDGE, DEPARTMENT II THEREOF, RESPONDENTS, AND JEFFREY KAHN, REAL PARTY IN INTEREST.

No. 20167

November 27, 1989                    782 P.2d 1325

---

*Alverson, Taylor & Mortensen,* Las Vegas, for Petitioner.

*Peter Flangas,* Las Vegas, for Real Party in Interest.

## OPINION

*Per Curiam:*

This original petition for a writ of mandamus challenges an order of the district court granting a motion to quash service of process upon an out-of-state defendant. For the reasons set forth below, we grant petitioner Brent Robert Orme's petition for a writ of mandamus directing the district court to accept personal jurisdiction over the real party in interest, Jeffrey Kahn.

### FACTS

On December 2, 1988, petitioner filed a complaint in the district court against three defendants, including Jeffrey Kahn. The complaint sought damages for various torts the defendants allegedly committed within the State of Nevada. Thereafter, a process server attempted to serve Kahn by "personally delivering and leaving a copy [of the summons and complaint] with Veronica Kahn, his wife, a person of suitable age and discretion residing at [Kahn's] usual place of abode" in San Mateo County, California.

Kahn subsequently failed to answer the complaint in a timely manner. Accordingly, petitioner filed an entry of default and then moved the district court for entry of default judgment on his claims against Kahn. At the hearing on petitioner's motion for default judgment, Kahn's counsel entered a special appearance and filed a motion to quash service of process. Petitioner duly opposed the motion, and on June 8, 1989, the district court

entered an order granting the motion. The instant petition followed.

On July 7, 1989, this court issued an order pursuant to NRAP 21(b) directing Kahn to file an answer including points and authorities against issuance of the requested writ. Thereafter, the clerk of this court received a letter from the attorney who represented Kahn in the proceedings below. In that letter, Kahn's counsel represents that he has written to Mr. Kahn advising him of the entry of this court's order of July 7, 1989, and that no response from Kahn has been forthcoming. Further, counsel asserts "since I have no client, I cannot brief the issues."[1] Thus, no answer to the instant petition has been submitted to this court. Under these circumstances, it is within the proper prerogative of this court to elect to treat Mr. Kahn's failure to answer as a confession of error. *See* Foster v. District Court, 96 Nev. 4, 604 P.2d 359 (1980). The instant petition, however, has adequately apprised this court of the pertinent uncontested facts and the parties' respective legal contentions below. Therefore, an answer to the instant petition is not essential to our proper resolution of this matter. *See* NRAP 21(b). Consequently, we have elected to resolve the single legal issue before us on the merits, and none of the conclusions set forth below are premised upon Kahn's failure to answer the petition.

## DISCUSSION

In his motion below, Kahn asserted that service of process had been insufficient and, as a result, the district court could not properly assert personal jurisdiction over him. More specifically, Kahn contended that personal service of process outside the State of Nevada must in fact be personal "in hand" service, and that, therefore, delivery of the summons and complaint to Kahn's wife at Kahn's usual place of abode in California constituted insufficient and ineffective substituted service of process. In support of these contentions, Kahn relied upon this court's holding in Kelley v. Kelley, 85 Nev. 317, 318, 454 P.2d 85, 86 (1969) (in divorce action, service of process upon defendant residing outside the state was governed by NRCP 4(e)(2), requiring that service outside the state must in fact be personal). *See also* Moran v.

---

[1]We note, however, that, contrary to the procedure contemplated by SCR 46, no formal notice of withdrawal or notice of change of attorney has been filed in this court, or apparently in the court below. *See, e.g.,* Aldabe v. Aldabe, 84 Nev. 392, 398, 441 P.2d 691, 695 (1968) (SCR 46 contemplates that once an attorney has appeared in an action, he may be changed upon the application of the client or the attorney with the consent of the court, or by stipulation).

District Court, 72 Nev. 142, 297 P.2d 261 (1956) (in suit for separate maintenance and custody of minor children, substituted service on defendant's housekeeper at defendant's Texas residence, in accordance with the method of service set forth in NRCP 4(d)(6), was insufficient; rather, when service is made outside the state, NRCP 4(e)(2) mandates that the summons and complaint shall be delivered "in person to the person served"). The district court apparently agreed that this court's prior holding in *Kelley* was dispositive of the issue before it, and, as noted, the district court granted Kahn's motion to quash service of process.

Initially, we note that, unlike the situation in *Kelley* and *Moran,* NRCP 4(e)(2) is not specifically applicable to the instant case because Kahn is neither a "resident of this state," nor is the proceeding below an action "in rem" or an action "affecting specific property or status." *See* NRCP 4(e)(2)(i) and (ii). Therefore, to whatever extent the district court may have premised its decision on this court's prior holdings in *Kelley* or *Moran,* such reliance was misplaced because those holdings were limited to the specific procedures applicable under NRCP 4(e)(2).

Moreover, as petitioner observes, our decisions in *Kelley* and *Moran* were issued prior to the effective date of NRS 14.065, Nevada's long-arm statute.[2] NRS 14.065 provides in pertinent part:

> 1. Personal service of summons upon a party outside this state is sufficient to confer upon a court of this state jurisdiction of the person of the party so served if:
> (a) The service is made *by delivering a copy of the summons, together with a copy of the complaint, to the party served in the manner provided by statute or rule of court for service upon a person of like kind within this state. . . .*

(Emphasis added.) As petitioner also notes, NRCP 4(d)(6) in turn provides that a person of like kind to Kahn within this state may be served by personal in hand delivery, or "by leaving copies [of the summons and complaint] at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ." Thus, petitioner argues, delivery of the papers to Kahn's wife constituted effective personal service of process under NRS 14.065 because the papers were served by the method provided in NRCP 4(d)(6) for service upon a person of like kind within this state. We agree.

The primary purpose underlying the rules regulating service of process is to insure that individuals are provided actual notice of suit and a reasonable opportunity to defend. *See* Certain-Teed

---

[2]NRS 14.065 took effect in July of 1969. This court's decision in *Kelley* was issued on May 7, 1969. The *Moran* decision was issued in 1956.

Prods. v. District Court, 87 Nev. 18, 21, 479 P.2d 781, 783, (1971); *see also* Hanna v. Plumer, 380 U.S. 460, 462-63 n.1 (1965) (in federal diversity action, service of process was governed by Fed.R.Civ.P. 4(d)(1), permitting service by delivery of requisite papers to defendant's wife at defendant's usual abode, not by Massachusetts rule requiring personal in hand delivery). In his motion below, Kahn did not allege that the method of service employed in this instance did not provide him with actual notice of suit. Rather, he simply contended that delivery of the summons and complaint to his wife at his usual place of abode constituted insufficient service of process under this court's prior holding in *Kelley*. Thus, the issue before the district court was a purely legal question involving no contested questions of fact or allegations of an absence of actual notice. Similarly, in the instant petition, this court is squarely confronted with the purely legal question of whether the legislature's enactment of NRS 14.065 permits the method of service employed in this instance.

Under analogous circumstances, this court has previously defined the specific language in NRS 14.065 providing that service upon an out-of-state person may be effected "in the manner provided by statute or rule of court for service upon a person of like kind within this state." *See Certain-Teed Prods.,* 87 Nev. at 21, 479 P.2d at 784. Although in the *Certain-Teed Prods.* case, we conceded that the language in the statute was "obscure," we nonetheless recognized our obligation to "give it effect if possible." *Id.* In so doing, we concluded that, under the circumstances of that case, the statute provided that a foreign corporation may be served with process under NRS 14.065 in the same manner that a domestic corporation may be served under NRCP 4(d)(1). Thus, in *Certain-Teed Prods.,* we recognized that the legislature's purpose in enacting NRS 14.065 was not only to allow for service outside the state in the same manner that it could be effected within the state, but also "to require personal service of process outside this state to afford actual notice of the pending litigation." *Id. See also* Wylie v. District Court, 96 Nev. 620, 621-22, 614 P.2d 12, 13 (1980) (NRS 14.065(2)(e), permitting personal service outside of Nevada under specified circumstances, "takes precedence" over provision in NRCP 4(e)(2) requiring issuance of a court order directing that such service is appropriate).

In the instant case, we similarly conclude that in enacting NRS 14.065, the legislature intended to provide that service of process upon out-of-state defendants, who have allegedly committed tortious conduct rendering them constitutionally amenable to suit in the courts of this state, may be effected in the same manner as

service of process upon a "person of like kind within this state." *See, e.g.*, Vann Tool Co. v. Grace, 566 P.2d 93, 94 (N.M. 1977) (although New Mexico's long-arm statute did not explicitly provide for substituted service on out-of-state resident, the legislature's purpose in adopting the statute was to permit service of process on out-of-state persons in the same manner that process could be served on persons residing within New Mexico). Under NRCP 4(d)(6), service of process upon a person of "like kind" to Kahn residing within this state may be accomplished by the same means the process server employed in this case. If leaving copies of the summons and complaint with a person of suitable age and discretion residing at an in-state resident's usual place of abode is reasonably calculated to impart actual notice to an in-state resident, then, in light of the legislative policy expressed in NRS 14.065, we fail to discern why the same method of service upon an out-of-state defendant should not also be considered as reasonably calculated to impart such notice.[3]

## CONCLUSION

In light of the above, we conclude that the district court erred in granting Kahn's motion to quash service of process and that petitioner is entitled to the requested writ of mandamus. *See* Jarstad v. National Farmers Union, 92 Nev. 380, 552 P.2d 49 (1976) (mandamus is appropriate remedy through which to challenge an order quashing service of process); Galatz v. District Court, 100 Nev. 408, 683 P.2d 26 (1984) (where district court erred in quashing service of process, mandamus will issue from supreme court to compel district court accept personal jurisdiction). Accordingly, we grant this petition. The clerk of this court shall forthwith issue a writ of mandamus directing the district court to accept personal jurisdiction over respondent Kahn.[4]

---

[3]*See also* Korgan v. Gantenbein, 702 P.2d 427 (Or.Ct.App. 1985); Haberman v. Public Power Supply System, 744 P.2d 1032, 1074 (Wash. 1987).

[4]THE HONORABLE JOHN C. MOWBRAY, Justice, voluntarily recused himself from participation in the decision of this appeal.