131 Nev., Advance Opinion 77

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOANNA T.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
FRANK P. SULLIVAN, DISTRICT
JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 65796



FILED

SEP 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition requesting an order directing the juvenile court to dismiss an abuse-and-neglect petition.

*Petition denied.*

David M. Schieck, Special Public Defender, and Abira Grigsby, Deputy Special Public Defender, Clark County,
for Petitioner.

Steven B. Wolfson, District Attorney, and Felicia Quinlan, Deputy District Attorney, Clark County,
for Real Party in Interest.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

This petition for a writ of mandamus or prohibition presents a novel issue regarding whether NRCP 4(i)'s requirement that a summons

be served within 120 days applies in NRS Chapter 432B proceedings. Because we conclude that it does not and that dismissal of the underlying abuse-and-neglect petition is not warranted, we deny the petition.

## FACTS AND PROCEDURAL HISTORY

Petitioner Joanna T.'s daughter was removed from the care of Joanna's mother, Sheila T., in December 2012 while Joanna was in jail. An abuse-and-neglect petition was filed alleging that the child was in need of protection and naming both Joanna and Sheila, but no summons was issued as to Joanna and she did not appear at the adjudicatory hearing. The abuse-and-neglect petition was orally sustained by a domestic master and both Joanna and Sheila were provided with case plans. Sheila complied with her case plan, and the child was returned to her custody in June 2013. In the order returning the child to Sheila, Joanna was allowed supervised visitation with the child until she complied with her case plan or until further order of the court.

Then, in March 2014, Joanna filed a motion to set aside the master's oral recommendation to sustain the abuse-and-neglect petition because Joanna had never received a summons notifying her of the adjudicatory hearing. The juvenile court granted the motion, directed real party in interest the State of Nevada to issue a summons, and set a new adjudicatory hearing. A summons was thereafter served on Joanna on April 24, 2014, 486 days after the abuse-and-neglect petition was filed. Joanna moved to dismiss the petition asserting that the summons was untimely under NRCP 4(i) because it was issued more than 120 days after the abuse-and-neglect petition was filed. The juvenile court denied the motion.

Joanna then filed with this court a petition for a writ of mandamus or prohibition challenging the juvenile court's authority to adjudicate the abuse-and-neglect petition as to her. She also filed an emergency motion to stay the adjudicatory hearing, which this court denied, thereby allowing the hearing to proceed. Thereafter, the juvenile court held the hearing and considered whether the child was in need of protection under NRS 432B.530(5) at the time of the child's removal. Joanna did not appear personally at the hearing, apparently because she had forgotten about it, but her counsel was present. The juvenile court found that the child was in need of protection from Joanna because Joanna's extensive history of untreated mental health issues, substance abuse, and incarceration at the time of the child's removal adversely affected her ability to care for the child. Thus, the juvenile court sustained the abuse-and-neglect petition against Joanna. We conclude that extraordinary writ relief is not warranted, but we take this opportunity to clarify that NRCP 4(i)'s 120-day summons requirement does not apply in NRS Chapter 432B proceedings.

## DISCUSSION

NRCP 4(i) requires that in a civil action the summons and complaint be served on the defendant within 120 days of the filing of the complaint. If no such service is achieved and there is no showing of good cause for the failure to serve the summons, then the court shall dismiss the complaint without prejudice. NRCP 4(i). This rule does not apply, however, in a proceeding that is governed by a specific statute containing procedures and practices that are inconsistent or in conflict with the rule. NRCP 81(a).

NRCP 4(i)'s 120-day requirement is inconsistent with the expedited nature of NRS 432B proceedings. NRS Chapter 432B contains its own summons provision, NRS 432B.520(1), which requires the issuance of a summons after an abuse-and-neglect petition has been filed. But unlike NRCP 4(i), the statute does not specify the time frame for issuing the summons. The summons contemplated by NRS 432B.520 serves several purposes: it puts the person with custody or control of the child on notice that the petition has been filed and notifies that person of his or her right to counsel, *see* NRS 432B.520(3) (providing that a copy of the petition must be attached to the summons), and it requires that person to appear personally and bring the child before the court, NRS 432B.520(1). Accordingly, the summons must set forth the time and place for the adjudicatory hearing on the abuse-and-neglect petition. NRS 432B.520. The adjudicatory hearing on the petition must be held within 30 days of the filing of the petition, unless there is good cause to continue the hearing. NRS 432B.530(1). If we applied NRCP 4(i) in NRS Chapter 432B proceedings, then a summons could be issued up to 120 days after the filing of the abuse-and-neglect petition, well after the time that the court must hold the adjudicatory hearing. Allowing the summons to be served after the adjudicatory hearing would be contrary to NRS 432B.520 and defeat one of the key reasons for a summons: to provide a party with notice of the action. *See Orme v. Eighth Judicial Dist. Court*, 105 Nev. 712, 715, 782 P.2d 1325, 1327 (1989) ("The primary purpose underlying the rules regulating service of process is to insure that individuals are provided actual notice of suit and a reasonable opportunity to defend."); *Berry v. Equitable Gold Mining Co.*, 29 Nev. 451, 456, 91 P. 537, 538

(1907) ("The object and purpose of the summons is to bring defendants into court . . . .").

Although another purpose of NRCP 4(i)'s 120-day requirement is to ensure that cases do not linger in the system unpursued, *see Scrimer v. Eighth Judicial Dist. Court*, 116 Nev. 507, 513, 998 P.2d 1190, 1194 (2000) (explaining that NRCP 4(i) "was promulgated to encourage diligent prosecution of complaints once they are filed"), NRS Chapter 432B already ensures that abuse-and-neglect proceedings are diligently prosecuted. For instance, the court must hold a hearing within 72 hours of the child's removal from a home to determine whether the child should remain in protective custody, NRS 432B.470(1), and an abuse-and-neglect petition must be filed within 10 days of the protective custody hearing, NRS 432B.490(1)(b). The court then must hold an adjudicatory hearing on the abuse-and-neglect petition within 30 days, NRS 432B.530(1), and annual hearings thereafter regarding the permanent placement of the child, NRS 432B.590(1)(a). Given the expedited nature of the proceedings, NRCP 4(i)'s 120-day requirement is not necessary to ensure that the proceedings are diligently prosecuted.

And finally, the remedy for failure to serve a summons within 120 days under NRCP 4(i)—automatic dismissal *without prejudice*—conflicts with the purpose of NRS Chapter 432B proceedings. The purpose of those proceedings is to protect children who have been abandoned or abused, or otherwise need the State's protection. *See* NRS 432B.330 (identifying circumstances under which a child is or may be in need of protection). Dismissal in the NRS Chapter 432B context could be highly prejudicial because the child would be returned to a potentially unsafe environment and the State would be unable to protect the child until it

could once again establish reasonable cause to believe that the child is exposed to an immediate risk of injury, abuse, or neglect warranting removal from the home. NRS 432B.390(1). Thus, a dismissal under NRCP 4(i) would be contrary to the purpose of NRS Chapter 432B—protecting children. Accordingly, we conclude that NRCP 4(i)'s 120-day requirement is inconsistent with the procedures described in NRS Chapter 432B, and therefore, is inapplicable.[1]

Having concluded that NRS Chapter 432B contemplates expedited proceedings, we now must decide whether Joanna met her burden of establishing that this court's extraordinary intervention is warranted to require the district court to dismiss the abuse-and-neglect petition because of the State's extensive delay in serving the summons on her. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (explaining that the party seeking writ relief has the burden of demonstrating that extraordinary relief is warranted). This matter did not linger unnoticed after the abuse-and-neglect petition was filed. In fact, by the time Joanna moved to dismiss this case, Sheila had completed her case plan and the child had been returned to her care. And despite having had knowledge of this matter, Joanna failed to promptly raise the summons issue until more than a year after the abuse-and-neglect petition had been filed. Thereafter, the juvenile court allowed the State to cure the procedural error by serving a summons on Joanna for a new adjudicatory hearing and subsequently held an adjudicatory hearing of which Joanna

---

[1]Because NRS Chapter 432B proceedings are civil in nature, the NRCP generally apply to those proceedings unless a specific rule of procedure conflicts with a provision of NRS Chapter 432B, like NRCP 4(i) does, in which case that procedural rule does not apply. *See* NRCP 81(a).

had proper notice. Nothing in NRS Chapter 432B prohibited the court from correcting the procedural deficiency and modifying its orders as it deemed was in the child's best interest. *See* NRS 432B.570(2) (allowing the court to "revoke or modify any order as it determines is in the best interest of the child").

Indeed, the record established that the child's best interest would not be served by her return to Joanna's care. Joanna had not remedied the issues that led to the child's placement in protective custody. Only a few months before the second adjudicatory hearing, Joanna admitted to having recently used methamphetamine. She had also previously admitted that after being discharged from a mental health facility, she chose not to follow her outpatient aftercare treatment plan. And during one of her visitations with the child, she attempted to use a glue stick on the child's eyes and face. Thus, despite the State's failure to issue Joanna a summons before the original adjudicatory hearing, dismissal of the abuse-and-neglect petition would not have been in the child's best interest because the child would have been returned to Joanna's care even though Joanna had failed to alleviate the risk to the child.

While we do not condone the State's failure to timely serve a summons on Joanna before the original adjudicatory hearing, the juvenile court did not exceed its jurisdiction or act arbitrarily or capriciously by denying Joanna's motion to dismiss. *See* NRS 34.160; NRS 34.320 (providing that a writ of prohibition is available to arrest the proceedings of a district court exercising its judicial functions in excess of its jurisdiction); *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (explaining that a writ of

mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion). Instead, it appropriately provided the State with an opportunity to cure the procedural defect in the interest of protecting the child. Accordingly, we deny the petition for a writ of mandamus or prohibition.[2]

_____, J.
Parraguirre

We concur:

_____, C.J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

_____

[2]Additionally, we conclude that Joanna's argument that the juvenile court lacked jurisdiction to adjudicate the petition as to Joanna once the child had been returned to Sheila's care does not warrant extraordinary relief. NRS 34.160; NRS 34.320; *Pan*, 120 Nev. at 228, 88 P.3d at 844.

SUPREME COURT
OF
NEVADA

(O) 1947A