SUN VALLEY FORD, INC., a California Corporation, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Washoe and PETER I. BREEN, DISTRICT JUDGE, Respondents, FRANCOISE S. GUILLET, by and Through Her Guardian ad Litem, DENISE GERBICH, Real Party in Interest.

No. 13400

October 16, 1981 634 P.2d 464

*Robert R. Parker,* Sparks, and *John L. Winingham* and *Shelly Kramer,* San Francisco, California, for Petitioner.

*Erickson, Thorpe, Swainston & Cobb, Ltd.,* and, *Vargas & Bartlett,* Reno, and *Allison, Brunetti, MacKenzie & Taylor,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

In this mandamus proceeding petitioner contends the district court should be required to grant petitioner's motion to quash service of process.

Petitioner is one of several defendants in an action in the district court in which the plaintiff is seeking recovery for personal injuries allegedly sustained in an automobile accident. Petitioner, owner and lessor of the vehicle in which plaintiff was a passenger, is a car dealership located in Concord, California. The accident occurred in Tuolumne County, California.

On October 17, 1980, petitioner moved to quash service of process for lack of jurisdiction. On that same day petitioner appeared specially in order to move for an order associating petitioner's out-of-state attorneys. Opposition to the motion to quash was not filed and, pursuant to Rule 11(3) of the Second Judicial District Rules of Practice, petitioner's request for submission of the motion was filed December 11, 1980. On December 23, 1980, petitioner was served with plaintiff's opposition to the motion to quash. On February 5, 1981, the district court denied petitioner's motion to quash service of process on a finding that petitioner had made a general appearance in the case by filing its motions to associate counsel. Another reason for the denial was the fact that no rebuttal to plaintiff's opposition to the motion to quash was filed by petitioner. Petitioner moved for reconsideration of the order denying the motion to quash. Reconsideration was denied on June 2, 1981. This petition followed and a stay of all proceedings pending below was issued by this court on June 11, 1981.

 █

This court has considered the issue of general and special appearances a number of times, but never in the context of a motion to associate counsel. We have held that when a defendant seeks relief additional to that necessary to protect him from service of process, he enters a general appearance. Davis v. District Court, 97 Nev. 332, 629 P.2d 1209 (1981); Deros v. Stern, 87 Nev. 148, 483 P.2d 648 (1971); Barnato v. Dist. Court, 76 Nev. 335, 353 P.2d 1103 (1960). In each of those cases, the party sought substantial relief such as dismissal of the complaint, denial of a motion to amend a complaint, or attorney fees. In the instant situation, although petitioner's request to associate counsel did not serve any limiting or jurisdictional purpose, neither did it request "relief" additional to that necessary to protect petitioner from allegedly defective service of process. It is fundamentally unfair to construe such a request as a general appearance, and the district court's ruling was erroneous.

 █

We are also unpersuaded that petitioner's failure to reply to

the plaintiff's opposition to the motion to quash supports the district court's denial of the motion. The record before this court does not show on what date plaintiff's opposition to the motion to quash service of process was filed. We are aware, however, that such opposition was not served on petitioner until December 23, 1980, or some two months after the motion to quash was made, and some 11 days after petitioner had requested submission of the motion. Rule 11(2) of the Second Judicial District Rules of Practice provides that parties opposing motions shall file and serve answering points and authorities within 10 days after service of a motion. Subsection three (3) of the rule provides that the moving party may then file reply points and authorities and, at the expiration of that time period, either party may move for submission of the motion. We note not only that a reply to opposition is discretionary, but also that such opposition was not, apparently, timely filed. Under these circumstances, we cannot countenance utilization of petitioner's failure to reply as support for the denial of the motion to quash.

Having determined that the district court erred in refusing to grant the motion to quash service on the grounds stated, we order issuance of a writ of mandamus compelling the district court to vacate its order denying the motion to quash and to dispose of the motion on the merits.