William James CAMPBELL, Plaintiff,

v.

Robert William GASPER, dba Robert William Gasper, Attorney at Law, Defendant.

No. CV–R–83–212–ECR.

United States District Court, D. Nevada.

May 18, 1984.

William James Campbell, in pro. per.

Nicholas J. Drakulich, Reno, Nev., for defendant.

## MEMORANDUM DECISON AND ORDER

EDWARD C. REED, Jr., District Judge.

This is a diversity action wherein the Complaint alleges that Plaintiff, a Nevada resident, employed Defendant, a Long Beach, California attorney, to represent him in a California Superior Court in Long Beach against a fugitive from justice charge. The Complaint further asserts that Defendant did not exercise due diligence and was negligent in connection with both that lawsuit and an extradition proceeding that followed in September 1981. As a result, Plaintiff remained imprisoned in California, then was extradited to Nevada, where he is imprisoned for a lengthy term and faces further serious criminal charges.

After default had been entered against Defendant for failure timely to respond to the Complaint, Plaintiff moved for entry of judgment by default. The Court granted an extension of time for Defendant to oppose the motion. He then filed a motion to dismiss the action, pursuant to Fed.R. Civ.P. 12(b), for lack of in personam jurisdiction, insufficiency of process and insufficiency of service of process. Alternatively, Defendant moved to quash the service of summons.

Defendant's affidavit in support of his motions declares that he never has been personally served with summons and complaint in this action; that Plaintiff escaped from a Nevada prison in 1977; that a Carson City, Nevada, Justice Court issued a criminal complaint for escape and an arrest warrant against Plaintiff; that Plaintiff then was arrested in California and extradition proceedings were initiated to return him to Nevada; that Plaintiff, on July 29, 1981, retained Defendant to represent him in California in connection with the extradition proceeding; that Plaintiff's only defense to the proceeding was that his physical safety could not be assured in Nevada because of fear of the Sheriff of Clark County, Nevada; that Defendant has never practiced law in Nevada nor represented Plaintiff in connection with Nevada charges; that, in connection with the extradition proceeding, Defendant's only contacts with Nevada were telephone calls and a letter mailed to Nevada to verify Plaintiff's contention that he would not be safe if he was returned to Nevada; that Defendant's representation of Plaintiff terminated in September 1981; and that Defendant's correspondence to Plaintiff thereafter was always at the latter's insistence and request.

The returns of service on file, one for Defendant personally and the other as an attorney at law, both reflect that the services were by mail and that no acknowledgement or other proof that the mail was received by Defendant has been received by the U.S. Marshal's office that handled the service by mail on behalf of Plaintiff.

Plaintiff, in response, argues that the filing of the motion to dismiss by Defendant constituted a general appearance, thus subjecting Defendant to the Court's personal jurisdiction. In addition, Plaintiff emphasizes that a total of three letters were mailed into Nevada by Defendant, in addition to telephone calls into the State.

Fed.R.Civ.P. 4(e) authorizes service of process to be made on a nonresident defendant in the manner prescribed by statute of the forum state. Nevada's long-arm statute, NRS 14.065, prescribes that personal service shall suffice, the service to be made by delivering a copy of the summons, together with a copy of the complaint, to the party served. The legislative purpose is to make certain that the out-of-state defendant receives actual notice of the litigation, as is required by due process. *Certain-Teed Products Corp. v. Second Jud. Dist. Ct.*, 87 Nev. 18, 479 P.2d 781, 783–4 (1971).

Service by mail, even if actually effected, does not constitute personal service. *Palmer v. Lantz*, 215 Cal. 320, 9 P.2d 821, 823 (1932). Where the State statute is specific that personal service is required on a defendant who resides outside Nevada, a substituted form of service is ineffective. *Moran v. Second Judicial Dist. Ct.*, 72 Nev. 142, 297 P.2d 261, 262 (1956). Even actual receipt of notice by a defendant who has not been served in the statutorily prescribed manner won't result in personal jurisdiction over him. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982).

Plaintiff's argument that Defendant's filing of a motion to dismiss constituted a general appearance is unavailing in this federal court action. The federal rules govern the resolution of such a matter. *Wright v. Yackley*, 459 F.2d 287, 291 n. 9 (9th Cir.1972). Unlike the rule in Nevada, *see Sun Valley Ford v. Second Judicial Dist. Ct.*, 97 Nev. 467, 634 P.2d 464, 465 (1981), Fed.R.Civ.P. 12 has abolished the distinction between special and general appearances in federal court; jurisdiction may be challenged without making a "special" appearance. *Wright v. Yackley, supra* at 291; *Hays v. United Fireworks Mfg. Co.*, 420 F.2d 836, 844 n. 10 (9th Cir.1969).

Since the insufficiency of service on Defendant has left this Court without personal jurisdiction over him, the default entered against him on October 6, 1983, must be vacated. *See Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 513 (E.D.N.Y.1982); *Kadet-Kruger & Co. v. Celanese Corpora-*

*tion of America*, 216 F.Supp. 249, 250 (N.D.Ill.1963). Also, Defendant's motion to dismiss must be granted. *See Martin v. N.Y. State Dept. of Mental Hygiene*, 588 F.2d 371, 373 (2nd Cir.1978). Such a dismissal is without prejudice, for the insufficiency of service basis for the dismissal could be rectified by effecting proper service on Defendant. However, in this case (Plaintiff is appearing pro se) it seems appropriate also to discuss the applicability of Nevada's long-arm statute to Defendant.

■ In a diversity case, the power of a federal court to exercise personal jurisdiction over a nonresident defendant depends on two tests: (1) the forum state must have a statute that potentially confers jurisdiction over the defendant and (2) exercise of jurisdiction must accord with principles of due process. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1286 (9th Cir.1977).

Nevada's statute, NRS 14.065, applies to a nonresident who does certain enumerated acts, including transacting any business within the State or committing a tortious act within the State. *Shapiro v. Pavlikowski*, 98 Nev. 548, 654 P.2d 1030, 1031 (1982); *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir.1980). Defendant herein potentially could be covered by the legislation. Whether jurisdiction actually exists is determined by the law of Nevada, and the Nevada court's interpretation of NRS 14.065 binds this Court. *Ibid; see also Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1246 (9th Cir.1984).

■ Where the nonresident defendant's activities within the forum state are substantial or continuous and systematic, he may be subjected to general jurisdiction, even as to litigation not arising from his forum activities. *Forsythe v. Overmyer*, 576 F.2d 779, 782 (9th Cir.1978). However, when, as here, his activities are not sufficiently pervasive to support general jurisdiction, the inquiry must focus on an evaluation of his forum-related contacts as they relate to the specific claims for relief alleged in the complaint. *Ibid.; Kransco*

*Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1378 (9th Cir.1981).

■ In order to comply with due process principles, a three-step approach is utilized in evaluating whether the defendant's contacts with the forum permit the exercise of limited jurisdiction over him:

1) The defendant must have purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

2) The claim against him must have arisen out of or resulted from the defendant's forum-related activities; and

3) The exercise of jurisdiction must be reasonable.

*Ibid; Hunt v. Erie Ins. Group, supra* at 1246; *Basic Food Industries, Inc. v. Eighth Judicial Dist. Ct.*, 94 Nev. 111, 575 P.2d 934, 935 (1978).

■ Insofar as the purposeful availment requirement of due process, the bottom line is that the defendant's conduct and connection with the forum state must have been such that he should reasonably anticipate being haled into court there. *Hunt v. Erie Ins. Group, supra* at 1247. Where personal services are involved, such as those of a professional person like a doctor or lawyer, the place where the services were rendered is very important. *See Wright v. Yackley*, 459 F.2d 287, 289–290 (9th Cir.1972). In this regard, the rule is that use of the mails or telephone does not amount to purposeful activity, invoking the benefits and protections of the state on the receiving end of such communications. *Thos. P. Gonzalez Corp. v. Conseio Nacional*, 614 F.2d 1247, 1254 (9th Cir.1980); *Wright v. Yackley, supra* at n. 4; *Hunt v. Erie Ins. Group, supra* at 1457; *Kransco Mfg., Inc. v. Markwitz, supra* at 1379. Thus, the use of the mails and telephone communication with Nevadans by Defendant herein does not constitute such an interjection into Nevada as would permit even limited jurisdiction over him. This is particularly true because Plaintiff is not complaining of what Defendant did in contacting Nevadans, so much as what De-

fendant didn't do during his representation of Plaintiff in California.

Since Defendant did not purposefully avail himself of conducting activities in Nevada, this Court may not exercise even limited jurisdiction over him.

 The party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists. *Basic Food Industries, Inc. v. Eighth Judicial Dist. Ct., supra* at 575 P.2d 936; *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977). Because only written materials are being considered by the Court, Plaintiff need make only a prima facie showing of jurisdictional facts to withstand Defendant's motion to dismiss, i.e., he need only demonstrate facts which support a finding of jurisdiction. *Ibid.* This, Plaintiff has failed to do. Accepting Plaintiff's version of the facts for the purpose of this motion, he has not demonstrated that Defendant has availed himself of the privilege of conducting activities in Nevada in connection with Plaintiff's cause of action against him.

IT IS, THEREFORE, HEREBY ORDERED that the default entered against Defendant on October 6, 1983, be VACATED.

IT IS FURTHER ORDERED that the action be DISMISSED for lack of personal jurisdiction over Defendant.