THEODORE DOBSON, Appellant, *v.*
CECILE DOBSON, Respondent.

No. 21718

May 13, 1992

830 P.2d 1336

*Smith & Maurer,* Las Vegas, for Appellant.

*William R. Phillips Associates* and *Frances-Ann Fine,* Las Vegas; *Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting respondent's motion to quash service of process and voiding a decree of divorce previously entered by the district court. Respondent Cecile Dobson has moved to dismiss this appeal on the basis that it challenges the propriety of an order quashing service of process, which is not an appealable determination. The motion is opposed.

The parties were married in 1980, in Cairo, Egypt. Prior to April 3, 1989, they both resided in Frankfurt Am Main, Germany, where appellant Theodore Dobson was employed by the American Consulate. Theodore began residing in Las Vegas, Nevada, on September 29, 1989. On November 20, 1989, Theodore filed in the district court a complaint for divorce together with an affidavit for service by publication. Theodore stated in his affidavit that Cecile no longer resided at 13/1 Jacob Leisler Strasse, Frankfurt Am Main, Germany, her last known address, and that he did not know her current address. On November 28, 1989, the district court entered an order providing for service by publication. A summons was issued on November 30, 1989. Notice of the action was published in the Henderson Home News, and an affidavit of publication was filed in the district court on December 28, 1989. Cecile's default was entered on January 17, 1990. On January 18, 1990, the district court entered a decree of divorce dissolving the marriage between the parties. The decree did not adjudicate any division of property or debt or provide for payment of alimony. On January 24, 1990, Theodore terminated the lease for his Las Vegas apartment, effective January 31, 1990.

On May 3, 1990, a court in Frankfurt Am Main, Germany, entered a decree of divorce between the parties awarding a substantial lump sum payment and monthly alimony to Cecile. The German decree appears to be a default judgment.

On July 11, 1990, Cecile, through Nevada counsel, filed in the district court a motion by special appearance to quash service of

process. Cecile based the motion on a claim that the district court's order for service by publication was void due to fraud by Theodore. Cecile alleged that Theodore had intentionally listed an incorrect address on the affidavit of publication and had mailed the summons and complaint to the incorrect address. Cecile further alleged that Theodore had hired an attorney in Germany and initially appeared in the German divorce proceedings before filing for divorce in Nevada.

On October 2, 1990, the district court entered an order granting Cecile's motion "in all respects" and declaring the divorce decree "null and void." This appeal followed.

Cecile contends that this appeal should be dismissed because it challenges the propriety of an order quashing service of process, which is not an appealable determination. *See* Orme v. District Court, 105 Nev. 712, 782 P.2d 1325 (1989); Jarstad v. National Farmers Union, 92 Nev. 380, 552 P.2d 49 (1976). It is true that the district court entered the order appealed from in response to a motion to quash service of process. By determining to grant the motion to quash, however, the district court necessarily determined that it had never obtained jurisdiction over Cecile, and consequently, that the divorce decree was void. *See* C.H.A. Venture v. G. C. Wallace Consulting, 106 Nev. 381, 794 P.2d 707 (1990) (judgment reversed because service was not properly effected, jurisdiction did not attach and the district court had no power to enter a valid judgement); Foster v. Lewis, 78 Nev. 330, 337, 372 P.2d 679, 682 (1962) (a judgment that is based on a void order of publication is void); Doyle v. Jorgensen, 82 Nev. 196, 201, 414 P.2d 707, 710 (1966) (a judgment that is not supported by proper service is void); *see also, e.g.,* Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C.Cir. 1987) (it is uniformly held that a judgment is void if the requirements of effective service of process have not been satisfied, except where the defendant has waived insufficiency of service).

The Nevada Rules of Civil Procedure provide for relief from a void judgment in Rule 60(b)(3), and Cecile should have sought relief under that rule. *See Foster,* 78 Nev. at 337, 372 P.2d at 682; *see also Combs,* 825 F.2d at 442 (Fed.R.Civ.P. Rule 60(b)(4), providing for relief from void judgments, is properly used to obtain relief from a default judgment that is void for lack of valid service of process). The proper method for attacking a void judgment is through a motion or action brought pursuant to NRCP 60(b)(3), and the party attacking the judgment in such an action need only establish that the judgment is void to obtain relief. *See* James W. Moore & Jo Desha Lucas, Moore's Federal Practice 60.25[2] (2d ed. 1991) (discussing the application of Fed.R.Civ.P. Rule 60(b)(4), which is identical to NRCP 60(b)(3)).

Cecile apparently presented her claims to the district court in a motion to quash service of process in order to avoid subjecting herself to personal jurisdiction in the divorce proceeding. Cecile could have achieved the desired result by bringing a motion under NRCP 60(b)(3) that raised only a challenge to the judgment based on a claim of lack of proper service of process. In *Doyle,* this court stated that a defendant may challenge the validity of a default judgment based on a claim of insufficiency of service of process either by bringing a motion pursuant to NRCP 60(b)(3) or by bringing a motion pursuant to NRCP 60(c). *Doyle,* 82 Nev. at 201, 414 P.2d at 710. This court further noted that if a defendant seeks in an NRCP 60(b)(3) motion any relief other than a declaration of defective service or that the judgment is void for lack of personal jurisdiction, the defendant makes a general appearance for purposes of personal jurisdiction. Because the defendant in *Doyle* had sought relief based on a claim of mistake, inadvertence, surprise or excusable neglect, this court held that the defendant had made a general appearance. *Id.* Therefore, an NRCP 60(b)(3) motion based solely on a claim of lack of proper service is not a general appearance, and would not have subjected Cecile to the personal jurisdiction of the district court. *Cf.* Deros v. Stern, 87 Nev. 148, 151, 483 P.2d 648, 650 (1971) (the consequence of requesting relief in addition to that necessary to protect the movant's contention that jurisdiction over his person was not obtained is a general appearance, whether the motion is made before or after judgment is entered).

The district court effectively treated Cecile's motion as one brought under NRCP 60(b)(3) and granted the appropriate relief. The district court's order granting Cecile's motion and declaring the divorce decree void is appealable. Holiday Inn v. Barnett, 103 Nev. 60, 732 P.2d 1376 (1987); Smilanich v. Bonanza Air Lines, 72 Nev. 10, 291 P.2d 1053 (1956). Accordingly, we deny Cecile's motion to dismiss this appeal.[1]

STEFFEN, J., dissenting:

In my opinion, the order entered below is not appealable under our ruling in Jarstad v. National Farmers Union, 92 Nev. 380, 552 P.2d 49 (1976), and a long line of cases following *Jarstad.* I therefore respectfully dissent.

The majority concludes that the district court "effectively treated Cecile's motion as one brought under NRCP 60(b)(3) and granted the appropriate relief." Having thus created a fictional "bootstrap," the majority declares that the district court's order "declaring the divorce decree void is appealable." Of course, the

---

[1]Appellant shall have thirty (30) days from the date of this opinion within which to file the opening brief. Thereafter, briefing shall proceed pursuant to NRAP 31(a).

district court did no such thing. It specifically granted Cecile's motion to quash service of process, and then quite properly recognized in the same order that the judgment entered by default without effective service of process was "null and void and of no force and effect." Moreover, the majority has cited no authority for novel proposition that this court may, by judicial fiat, transmute a specific order quashing service of process into a final judgment entered pursuant to NRCP 60(b)(3) as a method of making a non-appealable order appealable.

In a further attempt to strengthen its bootstrap, the majority concludes that Cecile should have proceeded under NRCP 60(b)(3) rather than her chosen procedure of moving to quash service of process. The majority cites to Foster v. Lewis, 78 Nev. 330, 337, 372 P.2d 679, 682 (1962), in support of its proposition. Suffice it to say that *Foster* affords no such support. The majority has provided no authority indicating that Cecile did not have the right to challenge the default judgment entered below through a motion to quash service or process.

Moreover, Cecile's method of choice was eminently reasonable under our rules of procedure. First, NRCP 60(b) is directed only to "final judgments." This court, in O'Neill v. Dunn, 83 Nev. 228, 427 P.2d 647 (1967), determined that "[a] final judgment in an action or proceeding is essentially one that disposes of the issues presented in the case, determines the cost, and leaves nothing for the future consideration of the court." *Id.* at 230, 427 P.2d at 648 (quoting Alper v. Posin, 77 Nev. 328, 363 P.2d 502 (1961)). In the instant case, since the default judgment was null and void and of no legal effect whatever from its inception, no issues raised by the complaint were disposed of or otherwise determined. Once the district court recognized that the service of process was legally ineffectual, and granted respondent's motion to quash, the default judgment, being a nullity, fell of its own weight and the district court simply and properly declared as a matter of law that the judgment was null and void and of no force or effect. In every true and legal sense, the default judgment was only a simulation of a final judgment. As a result, there was no final judgment from which an appeal could be taken. *See e.g.,* C.H.A. Venture v. G. C. Wallace Consulting, 106 Nev. 381, 794 P.2d 707 (1990) (where service is not effectuated, jurisdiction does not attach and district court is powerless to enter any form of valid judgment).

Nevada's Rule 60(c), which specifically addresses default judgments, has no discrete counterpart in the federal rules. Therefore, citing authority to the federal equivalent to our 60(b) is unavailing as support for the proposition asserted by the majority. Rule 60(c) provides that relief against a default judgment

must be sought under Rule 60(b) when a party has been personally served with summons and complaint. No such service occurred here. Moreover, according to the lower court's ruling quashing service, the district court did not obtain personal jurisdiction over Cecile by legally sufficient substituted service, therefore Cecile had no interest in seeking to set aside the default judgment under Rule 60(c) in order to file an answer on the merits.

The above analysis leaves me with the abiding conclusion that no law, rule or legal precedent in this jurisdiction requires a party in Cecile's situation to seek relief under Rule 60(b). Her attorney elected to challenge the legality of service, and the district court found that Theodore's substituted service of process was legally insufficient as a basis for acquiring personal jurisdiction over Cecile. Moreover, a reasonable inference to be drawn from Rule 60(c) is that relief against a default judgment must be sought pursuant to Rule 60(b) *only if* the party defendant has been personally served with the summons and complaint.

I conclude that we should adhere to our established precedent declaring that orders quashing service of process are not appealable. Such a result would not leave parties in Theodore's situation without a remedy. Theodore's sole issue on appeal concerns the validity of the district court's order granting the motion to quash service. Although *Jarstad* held that such an order is not appealable, it also determined that "[i]t [an order quashing service] may . . . be challenged by petition in this court for a writ of mandamus to compel the district court to accept jurisdiction." *Jarstad,* 92 Nev. at 384, 552 P.2d at 51.[1]

Returning to the lower court's recognition that the paper default judgment was a nullity undeserving of further colorable status on the official records of the court, logic dictates the superfluity of "vacating" that which doesn't exist. Because the default judgment was created from "nothing," i.e., a court procedure without jurisdiction, the resulting paper simulation of a

---

[1]The following cases have all followed the rule announced by this court in *Jarstad:* Welburn v. District Court, 107 Nev. 105, 806 P.2d 1045 (1991); MGM GRAND, Inc. v. District Court, 107 Nev. 65, 807 P.2d 201 (1991); Orme v. District Court, 105 Nev. 712, 782 P.2d 1325 (1989); Messner v. District Court, 104 Nev. 759, 766 P.2d 1320 (1988); Cariaga v. District Court, 104 Nev. 544, 762 P.2d 886 (1988); Munley v. District Court, 104 Nev. 492, 761 P.2d 414 (1988); Judas Priest v. District Court, 104 Nev. 424, 760 P.2d 137 (1988); Levinson v. District Court, 103 Nev. 404, 742 P.2d 1024 (1987); Shapiro v. Pavlikowski, 98 Nev. 548, 654 P.2d 1030 (1982); Sun Valley Ford, Inc. v. District Court, 97 Nev. 467, 634 P.2d 464 (1981); Davis v. District Court, 97 Nev. 332, 629 P.2d 1209 (1981), *cert. denied,* 454 U.S. 1055 (1981); Burns v. District Court, 97 Nev. 237, 627 P.2d 403 (1981).

final judgment was a nullity rather than a judgment valid until vacated.

If the default judgment originally entered in this action had been voidable, rather than void, it would be arguable that a subsequent court order voiding the judgment might be appealable as a special order after final judgment. As the matter now stands, the majority has cited no basis for transmuting Cecile's motion to quash service of process into a Rule 60(b) motion to be relieved of a final judgment; nor has it justified a similar transmutation of the district court's order quashing service into one granting Rule 60(b) relief. Indeed, if it were true that Cecile could not elect to avoid the potential mischief of the default judgment by a motion to quash, then this court should not be validating her specific motion by assigning it another name and legal basis for achieving relief. I therefore submit that the only avenue of relief properly available to Theodore is through a petition for a writ of mandamus filed with this court. In every sense, Theodore is before us challenging the district court's order quashing service of process. We have previously made clear that he cannot do so by appeal. I therefore respectfully dissent from the majority's denial of respondent's motion to dismiss this appeal.