An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF J.R.E.

_____

ASHLEY R.E.,
Appellant,
vs.
DOMONICK M.,
Respondent.

No. 60487

**FILED**

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order setting aside the termination of respondent's parental rights as void for lack of proper service. Eighth Judicial District Court, Clark County; Vincent Ochoa, Judge.

On appeal, appellant contends that personal service on respondent or his nearest relative under NRS 128.060 was not required in this case because respondent had actual notice of the proceedings when a courtesy copy of the termination petition was sent to the attorney who had represented respondent in an earlier action. Appellant also contends that respondent's written consent to the termination of his parental rights executed in connection with an earlier custody action constituted actual notice of the termination proceeding and a judicial admission of respondent's intent to abandon any parental rights that he might claim to the child. Appellant further argues that respondent's conduct demonstrated a clear intent to abandon the child, thus supporting termination of his parental rights. _See_ NRS 128.012.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27977

When a petition to terminate parental rights is filed, NRS 128.060(2) requires that notice of the petition and hearing must be personally served on the parent unless his address is unknown, in which case the notice must be personally served on the nearest known relative, who is residing in this state and whose residence and relationship are known to the petitioner. *See* NRS 128.060(2)(a). When the parent cannot be found after the exercise of due diligence, the court may grant service by publication. *See* NRS 128.070. If the service of process is ineffective, a default judgment may be set aside as void. *See* NRCP 60(b)(4); *Browning v. Dixon*, 114 Nev. 213, 218, 954 P.2d 741, 744 (1998) (finding that failure to exercise due diligence rendered service of process improper and voided the default judgment); *Dobson v. Dobson*, 108 Nev. 346, 348, 830 P.2d 1336, 1338 (1992). The district court's decision on whether to set aside a default judgment is reviewed for an abuse of discretion. *Fagin v. Fagin*, 91 Nev. 794, 798, 544 P.2d 415, 417 (1975). The policy of resolving cases on their merits is heightened in domestic relations matters. *Price v. Dunn*, 106 Nev. 100, 105, 787 P.2d 785, 788 (1990), *disapproved on other grounds by NC-DSH, Inc. v. Garner*, 125 Nev. 647, 218 P.3d 853 (2009).

Here, the district court found that appellant failed to comply with NRS 128.060 and did not exercise due diligence in attempting to locate respondent or his relatives in Nevada. The district court found that appellant misled the court into approving service by publication and made misrepresentations about the extent of her and the child's contact with respondent and her knowledge of respondent's relatives living in Clark County, Nevada. The district court also noted that deciding a termination case on the merits would serve the child's best interest, which is the primary consideration in parental termination cases. *See In re*

*Termination of Parental Rights as to N.J.*, 116 Nev. 790, 799, 8 P.3d 126, 132 (2000).

Having reviewed the record, we conclude that the district court's factual findings are supported by the record and the district court did not abuse its discretion in setting aside the parental termination order as void under NRCP 60(b)(4) for improper service. Moreover, respondent's purported consent to the termination of his parental rights, which the district court found was not witnessed or notarized, did not dispense of the requirement that respondent be properly serve with the petition to terminate his parental rights and have an opportunity to be heard in that proceeding. A parent cannot voluntarily terminate his own parental rights and obligations unless a court determines that such termination is in the child's best interest. *See In re T.M.C.*, 118 Nev. 563, 569, 52 P.3d 934, 937 (2002). Accordingly, because the district court properly set aside the parental termination, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Vincent Ochoa, District Judge
Steven R. Scow
Pecos Law Group
Eighth District Court Clerk