132 Nev., Advance Opinion 7

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF ESTATE OF LEROY G. BLACK, DECEASED. | No. 63960 |

WILLIAM FINK, A/K/A BILL FINK,
Appellant,
vs.
PHILLIP MARKOWITZ, AS EXECUTOR
OF THE ESTATE OF LEROY G.
BLACK,
Respondent.

**FILED**

FEB 04 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a will contest. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Vacated and remanded.*

Goodsell & Olsen, LLP, and Michael A. Olsen and Thomas R. Grover, Las Vegas,
for Appellant.

Clear Counsel Law Group and Jonathan W. Barlow and Amy K. Crighton, Henderson,
for Respondent.

BEFORE PARRAGUIRRE, C.J., DOUGLAS and CHERRY, JJ.

*OPINION*

By the Court, PARRAGUIRRE, C.J.:

Under NRS 137.090, an individual filing a petition to contest the validity of a will must issue citations to the estate's personal

16-03759

representative and the will's devisees within three months of the will being admitted to probate. In this appeal, we are asked to determine whether a failure to timely issue citations results in dismissal of the will contest and whether a petitioner can move to enlarge the time to issue citations pursuant to NRCP 6(b) or EDCR 2.25. We hold that a failure to timely issue citations deprives the court of personal jurisdiction over those to whom the citations are to be issued. Additionally, we hold that NRCP 6(b) does not apply to statutory time limits. However, we further hold that the district court erred in failing to determine whether petitioner demonstrated excusable neglect under EDCR 2.25 when requesting an enlargement of time to issue the citations. Accordingly, we vacate the district court's order and remand the matter for further proceedings.[1]

## FACTS AND PROCEDURAL HISTORY

Appellant William Fink filed a post-probate will contest within days of the statute of limitations expiring but failed to timely issue a citation to Phillip Markowitz, respondent and executor of the estate, in accordance with NRS 137.090. Fink filed a petition to enlarge time for issuing citations, and the probate commissioner recommended the petition be granted, concluding that (1) NRCP 6(b) and EDCR 2.25 granted the court discretion to extend the time limit for issuing citations, and (2) Fink demonstrated excusable neglect as required by both rules. Upon Markowitz's objection, the district court dismissed the will contest, explaining that NRCP 6(b) does not apply to statutory time limits. The district court did not address whether EDCR 2.25 applied in this matter. Fink now appeals.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

## DISCUSSION

On appeal, Fink argues the district court erred by: (1) concluding his failure to timely issue citations as required under NRS 137.090 justified dismissing the will contest, (2) holding NRCP 6(b) did not apply to the statutory time limits imposed by NRS Chapter 137, and (3) failing to extend time under EDCR 2.25.

This court reviews a district court's interpretation of a statute de novo. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007). Language in a statute must be given its plain meaning if it is clear and unambiguous. *Id.* "A statute is ambiguous if it is capable of being understood in two or more senses by reasonably well-informed persons." *Id.*

### A failure to issue citations in accord with NRS 137.090 constitutes grounds for dismissal of a will contest

Fink argues his failure to timely issue citations pursuant to NRS 137.090 does not require dismissal of his will contest. We disagree and hold that a failure to timely issue citations deprives the court of personal jurisdiction over adverse parties.

"After a will has been admitted to probate, any interested person . . . may, at any time within 3 months after the order is entered admitting the will to probate, contest the admission or the validity of the will" by filing a petition with the court. NRS 137.080. NRS 137.090 states that a citation "*must* be issued" "within the time allowed for filing the petition." (Emphasis added.)

"'Must' is mandatory, as distinguished from the permissive 'may.'" *In re Nev. State Eng'r Ruling No. 5823*, 128 Nev., Adv. Op. 22, 277 P.3d 449, 454 (2012). Therefore, the statute's clear and unambiguous language requires citations to be issued within three months after the will

Supreme Court
OF
Nevada

(O) 1947A

3

is admitted to probate. However, these statutes do not specify what happens in the event one fails to timely issue citations.

A citation in a will contest is equivalent to a civil summons in other civil matters. *See In re Estate of Kordon*, 137 P.3d 16, 18 (Wash. 2006). As defective service of process deprives a court of personal jurisdiction, *see Gassett v. Snappy Car Rental*, 111 Nev. 1416, 1419, 906 P.2d 258, 261 (1995), *superseded by rule on other grounds as stated in Fritz Hansen A/S v. Eighth Judicial Dist. Court*, 116 Nev. 650, 654-56, 6 P.3d 982, 984-85 (2000), so too does a failure to issue citations in a will contest, *see In re Estate of Kordon*, 137 P.3d at 18 (holding that a "failure to issue a citation deprives the court of personal jurisdiction over the party denied process"); *see also* 95 C.J.S. *Wills* § 578 (2011) ("A court acquires personal jurisdiction over an adverse party to a will contest by issuance of a citation. A will contestant's failure to issue a citation on the decedent's personal representative deprives the court of personal jurisdiction over the personal representative."). Therefore, we hold that a failure to issue citations in accord with NRS 137.090 constitutes proper grounds for dismissal.

However, just as Nevada district courts have discretion to enlarge time for service of process upon a showing of good cause, *see Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 596, 245 P.3d 1198, 1200 (2010); *see also* NRCP 4(i), we see no reason to prohibit a district court from enlarging time to issue citations if such discretion is permitted under a procedural rule. Therefore, we now address Fink's claim that NRCP 6(b) or EDCR 2.25 should have been applied to enlarge time to issue the citations.

*NRCP 6(b) does not apply to statutory time limits*

Fink contends NRCP 6(b) grants district courts the discretion to enlarge time to issue citations under NRS 137.090. We disagree.

This court reviews a district court's legal conclusions regarding court rules de novo. *Casey v. Wells Fargo Bank, N.A.*, 128 Nev., Adv. Op. 64, 290 P.3d 265, 267 (2012). "[T]he rules of statutory interpretation apply to Nevada's Rules of Civil Procedure." *Webb ex rel. Webb v. Clark Cty. Sch. Dist.*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009). Furthermore, in interpreting the language of a rule or statute, this court has repeatedly held that "the expression of one thing is the exclusion of another." *Galloway v. Truesdell*, 83 Nev. 13, 26, 422 P.2d 237, 246 (1967).

> NRCP 6(b) provides, in relevant part, as follows:
>
> When *by these rules or by a notice given thereunder or by order of court* an act is required or allowed to be done at or within a specified time, . . . the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

(Emphasis added.) Under the rule's plain language, a court has discretion to enlarge time when an act is "required . . . to be done at or within a specified time" under "these rules or by a notice given thereunder or by order of court." NRCP 6(b). The rule does not mention acts to be done pursuant to statutes, and thus, we conclude NRCP 6(b) unambiguously does not apply to statutory time limits.[2] *See Galloway*, 83 Nev. at 26, 422

---

[2]Although NRS 155.180 states "the Nevada Rules of Civil Procedure . . . apply in matters of probate, *when appropriate*," we hold it would be inappropriate to apply NRCP 6(b) to statutory time limits where subsection (b) omits any reference to statutes, in marked contrast to subsection (a). *Cf.* NRCP 6(a) ("In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, *or by any applicable statute*, the day of the act . . . shall not be included." (emphasis added)). Furthermore, we conclude such a construction best harmonizes NRS 155.180 with NRCP 6(a) and (b). *See*

*continued on next page...*

Supreme Court
OF
Nevada

(O) 1947A

P.2d at 246; *cf. Romaine v. State Farm Mut. Auto. Ins. Co.*, 87 Nev. 257, 258-59 & n.2, 485 P.2d 102, 103 & n.2 (1971) (holding NRCP 6(a) applied to a statute of limitations period under NRS 11.190 where the rule, by its plain terms, applied to statutory time limits). Therefore, the district court did not err when it held that NRCP 6(b) did not apply to NRS 137.090's time limit.

*The district court erred in failing to consider whether to extend time pursuant to EDCR 2.25*

Fink also argues that the district court should have considered whether to extend time to issue citations pursuant to EDCR 2.25. We agree.

EDCR 2.25 governs the form of a motion to extend time and states "[a] request for extension made after the expiration of the specified period shall not be granted unless the moving party . . . demonstrates that the failure to act was the result of excusable neglect." EDCR 2.25(a). Further, EDCR 2.25 expressly applies to will contests. EDCR 2.01 ("The rules in Part II govern the practice and procedure of . . . all contested proceedings under Titles 12 and 13 of NRS.").

Unlike NRCP 6(b), EDCR 2.25 does not contain any implicit limitation on the rule's application. Furthermore, Eighth District Court

---

*...continued*
*State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 295, 995 P.2d 482, 486 (2000) (stating this court seeks to harmonize rules and statutes). However, we note that NRS 155.180 may still apply NRCP 6(b) to probate matters where the action in question is made pursuant to *rule*, rather than *statute*.

SUPREME COURT
OF
NEVADA

(O) 1947A

Rules "must be liberally construed . . . to promote and facilitate the administration of justice." EDCR 1.10. This court has also long recognized "the basic underlying policy to have each case decided upon its merits." *Hotel Last Frontier Corp. v. Frontier Props., Inc.*, 79 Nev. 150, 155, 380 P.2d 293, 295 (1963). In light of these principles, we conclude the district court erred by failing to consider whether to extend the time to issue the citations pursuant to EDCR 2.25. Whether extending time is appropriate based on excusable neglect is a factual inquiry that the district court must undertake. *See Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 668, 188 P.3d 1136, 1146 (2008).

## CONCLUSION

We conclude that failing to issue citations in a will contest deprives the court of personal jurisdiction over the parties denied process. Furthermore, we hold that the district court properly concluded NRCP 6(b) does not apply to statutory time limits. However, the district court erred in failing to consider whether to enlarge the time to issue the citations pursuant to EDCR 2.25. Accordingly, we vacate the order of the district court and remand for further proceedings.

_____, C.J.
Parraguirre

We concur:

_____, J.
Douglas

_____, J.
Cherry