# IN THE SUPREME COURT OF THE STATE OF NEVADA

BO YANG,
Appellant,
vs.
HAIMING PAN,
Respondent.

No. 77022

**FILED**

JUL 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from the district court's order denying appellant Bo Yang's motion to set aside a decree of divorce pursuant to NRCP 60(b). Eighth Judicial District Court, Family Court Division, Clark County; Linda Marquis, Judge.

We review an order denying an NRCP 60(b) motion to set aside a judgment for an abuse of discretion. *Rodriguez v. Fiesta Palms, LLC*, 134 Nev., Adv. Op. 78, 428 P.3d 255, 257 (2018). Under NRCP 60(b), a motion to set aside based on fraud will not be considered if it is filed more than six months after the date of the proceeding or service of written notice of entry of the judgment. NRCP 60(b) (2005). An NRCP 60(b) motion to set aside on the ground that the judgment is void, however, must only be made "within a reasonable time." *Id.*

The district court correctly determined that Yang's motion to set aside was filed more than six months after both the trial and service of the decree of divorce's notice of entry. Therefore, the motion was untimely as to the fraud allegation, and Yang's only basis to set aside the judgment is to argue that it was void. "For a judgment to be void, there must be a defect in the court's authority to enter judgment through either lack of personal jurisdiction or jurisdiction over subject matter in the suit." *Gassett*

19-31246

*v. Snappy Car Rental,* 111 Nev. 1416, 1419, 906 P.2d 258, 261 (1995), *superseded on other grounds by rule, as stated in In Re Estate of Black,* 132 Nev. 73, 367 P.3d 416 (2016). We determined in Yang's previous appeal from the divorce decree that this court had personal jurisdiction over Yang and Pan, as well as subject matter jurisdiction. *Yang v. Pan,* Docket No. 74564 (Order Affirming in Part, Reversing in Part and Remanding, March 28, 2019). Because the district court had both personal and subject matter jurisdiction, we determine that the district court did not abuse its discretion in denying the motion to set aside, as the judgment was not void. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Linda Marquis, District Judge, Family Court Division
     McFarling Law Group
     Black & LoBello
     Eighth Judicial District Court Clerk